IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW IVAN ZIMMERMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-00046-Z-BR |
| | § | |
| POTTER COUNTY DETENTION CENTER, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY APPOINTMENT OF COUNSEL AND CLOSE CASE

On February 29, 2024, Plaintiff Matthew Ivan Zimmerman, acting *pro se* and while a prisoner incarcerated in the Potter County Detention Center, filed suit pursuant to 42 U.S.C. § 1983. (ECF 3). Currently pending is Plaintiff's Motion to Appoint Counsel (ECF 7), in which Plaintiff asks the Court to appoint counsel, or, if it will not do so, dismiss the Complaint because he is "in way over [his] head." (*Id.* at 1). For the reasons stated herein, the Court recommends that Plaintiff's motion to appoint counsel be DENIED and his alternative request to dismiss be GRANTED.

At this early stage of the proceedings, Plaintiff has not shown extraordinary circumstances that warrant appointment of counsel. In fact, he has not yet alleged enough facts for the Court to determine the viability of his cause of action. "A trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless there are exceptional circumstances" and doing so "would advance the proper administration of justice." *Martinez v. Jackson*, 77 F.3d 474 (5th Cir. 1995). That decision is left to the discretion of the court. *Id.* The Court should decline to exercise that discretion at this time because Plaintiff has shown no

exceptional circumstances to justify appointed counsel.

Regarding Plaintiff's alternative request to dismiss if counsel is not appointed to represent him, this request is interpreted as a self-executing notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(l)(A)(i). Subject to exceptions not applicable in this case, Rule 41 provides that "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment...." FED. R. CIV. P. 41(a)(1)(A)(i). When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(A)(i) would be applicable, the fact that he fails to cite the rule or correctly style the notice of dismissal is of no significance. *Carter v. United States*, 547 F.2d 258, 259 n.2 (5th Cir. 1977).

The U.S. Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(A)(i) "means what it says." *Id*. at 259. That is, "a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." *Id*. When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right." *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976). Therefore, this case should be closed, pursuant to Plaintiff's Rule 41 notice of dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that Plaintiff's motion to appoint counsel be denied (ECF 7), and this case closed pursuant to Plaintiff's Rule 41 dismissal.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 18, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).